BAMBRICK BROTHERS CONSTRUCTION COMPANY v. SEMPLE PLACE REALTY COMPANY; J. DENNISON LYON, Trustee, et al., Appellants.

Division One, March 30, 1917.

1. **SPECIAL TAX BILL: Sewer District: Description by Parcels Instead of by Entire Enclosure.** Where the charter provided for the issuance of a "special tax bill against each lot or parcel of ground in the joint sewer district, giving the name of the owner," and declared that "the word 'lot' as used in this section shall be held to mean the lots as shown by recorded plats of additions or subdivisions, but if . . . the owners of property have disregarded the lines of lots as platted, and have treated two or more lots or fractions thereof as one lot, then the whole parcel of ground or lots so treated as one, shall be regarded as a lot," tax bills which describe the property by subdivisions and boundaries according to

the recorded plat are not void, although the area (Semple Place) covered by the plat has been sold as a body under a prior deed of trust, if there is substantial evidence that there were "parcels of ground" subtantially commensurate with the subdivisions outlined in the recorded plat and that they had been so treated by the owners; and there being substantial evidence to support the finding of the trial court on the question, it is not for review on appeal.

2. **CONSTITUTIONAL LAW: Statute Applicable to Only One City.** A classification according to population which applied at the time of its enactment and up to the present time to only one city, does not render the statute unconstitutional.

3. ————: **Notice of Suit: Filing With Comptroller.** Sections 9848 and 9849, Revised Statutes 1909, requiring notice of suit brought on a special tax bill to be filed within ten days with the city comptroller, and declaring that unless such notice is filed and suit is brought within two years the lien shall cease, do not condition the right to sue, or to maintain the suit after its institution, upon the filing of said notice. All legitimate objects of the notice are subserved if it is filed before the trial and the expiration of the lien.

4. **ATTACHMENT: Abatement: Entrance of Appearance: Special Tax Bills.** The judgment should not sustain an attachment sued out in the action on a special tax bill on the ground of non-residence, or adjudge the costs of the attachment against the defendant, if he enters his personal appearance to the action.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED (*conditionally*).

*C. R. Skinker* for appellants.

(1) The trial court erred in rendering judgment for plaintiff on the bills, and overruling appellants' motions for new trial, because the city had no power to assess according to the Semple Place plat, and to divide the land according thereto, for the reasons: (a) The definition of "lot" in section 14 of article 6 of the charter applies to "lot" in section 22 of the same article. Powell v. Sherwood, 162 Mo. 614; Dixon v. Caudill, 143 Ky. 623; State v. Allison, 155 Mo. 330; United States v. Miller, 208 U. S. 37; Plummer v. United States, 224 U. S. 137; Railroad v. United States, 208 U. S. 452;

Crossan v. City, 80 N. J. L. 511; Snyder v. Compton, 87 Texas, 379; Parshall v. State, 138 S. W. 765; Rains v. Stone, 123 Pac. 871; In re Kohler, 79 Cal. 313. They. are parts of one system of law in *pari materia*. Sales v. Paving Co., 166 Mo. 671; State ex rel. v. Patterson, 207 Mo. 145; State ex rel. v. Gordon, 261 Mo. 646. (b) The tax bills divided the land according to the Semple Place plat, which had many years before been nullified by sale under deed of trust, a matter óf public record long prior to the initiation of the sewer project. McShane v. Moberly, 79 Mo. 43; Paving Company v. McManus, 244 Mo. 184. (c) Such division was without legal authority and the bills are therefore void. St. Louis Charter, sec. 14, art. 6; Cooley, Con. Lim. (3 Ed.), p. 738; Upton v. People, 176 Ill. 632; People v. Clifford, 166 Ill. 165; People v. Railroad, 96 Ill. 372. (d) The power of the city to assess is measured by the mode granted by said section 14, but the power actually exercised was not granted and is *ultra vires* and the whole proceeding is void. Ruggles v. Collier, 43 Mo. 377; Verdin v. St. Louis, 131 Mo. 97; Zottman v. San Francisco, 20 Cal. 96; St. Louis v. Clemens, 43 Mo. 404; Kiley v. Oppenheimer, 55 Mo. 374; Leach v. Cargill, 60 Mo. 316; Trenton v. Coyle, 107 Mo. 193; Nevada v. Eddy, 123 Mo. 558; Perkinson v. Hoolan, 182 Mo. 189; Whitworth v. Webb City, 204 Mo. 601; Albers v. St. Louis, 188 S. W. 83. (e) The enforcement of the bills by the judgments according to the Semple Place plat violates section 30 of article 2 of Missouri Constitution. Chicago v. Wells, 236 Ill. 130; St. Louis v. Hill, 116 Mo. 527. And the Fourteenth Amendment to the Federal Constitution, since both charter and ordinance following it are State laws. Waterworks v. Refining Co., 125 U. S. 31; Gast Co. v. Schneider Co., 240 U. S. 55. (2) The judgments below were further erroneous because in defiance of Secs. 9848 and 9849, R. S. 1909, which is (a) not a special law within the prohibition of section 53 of article 4, Missouri Constitution. State ex inf. v. Southern,

265 Mo. 286; State ex rel. v. Speed, 183 Mo. 201; Board
v. St. Louis, 267 Mo. 366; State ex rel. v. Mason, 153
Mo. 35; State ex rel. v. Mason, 155 Mo. 502. (b) And
is not directory, but mandatory by phraseology. Cooley,
Taxation (3 Ed.), p. 479; Stayton v. Hulings, 7
Ind. 144. (c) Mandatory, because for the protection of
the land owner. Cooley, Taxation (3 Ed.), pp. 480, 484;
Leslie v. St. Louis, 47 Mo. 477; St. Louis v. Glasgow,
254 Mo. 277; Leavitt v. Eastman, 77 Me. 120; In re
Bledsoe Hill, 200 Mo. 643. The statutory requirement
of additional notice to process does not invalidate the
act. In re Powers, 29 Mich. 504; Davis v. Sawyer, 66
N. H. 34; Tinslar v. Davis, 12 Allen, 79; Coulter v.
Stafford, 56 Fed. 565; Oulahan v. Sweeney, 79 Cal. 537;
Grant v. Berrisford, 94 Minn. 49; Surety Co. v. Archi-
tectural Co., 226 U. S. 281; Henley v. Myers, 215 U. S.
273. The analogous statute, Sec. 8231, R. S. 1909, pre-
scribing recording of notice of intention to file a me-
chanic's lien against a non-resident owner within a time
certain, requires exact obedience as to time. Schubert
v. Crowley, 33 Mo. 564. So does the analogous Sec.
9111, R. S. 1909, prescribing notice of injury and claim
against certain municipalities. Lyon v. St. Joseph, 112
Mo. App. 681; Reno v. St. Joseph, 169 Mo. 642. The
presumption of payment and extinguishment of the lien
raised by the act is conclusive and not rebuttable by
evidence. Wilson v. Iseminger, 185 U. S. 55; Water-
works v. Oshkosh, 187 U. S. 444. The law may extin-
guish the claim as the result of failure to give the notice
as prescribed by statute. Champion v. Ames, 188 U. S.
358; Frisbie v. United States, 137 U. S. 166; Karnes v.
Insurance Co., 144 Mo. 417. No other time than that
prescribed by the act can suffice. Anderson v. Pember-
ton, 89 Mo. 64; Mears v. Spokane, 22 Wash. 323. (3)
The trial court further erred in sustaining the attach-
ments after appearance and answer of appellants to the
merits, plaintiff having given no bond and the sole
ground of attachment being non-residence. Sec. 2298,
R. S. 1909. And in taxing costs thereof against appel-
lants. Secs. 2298, 2335, R. S. 1909; Hill v. Bell, 111 Mo.

41; Tootle v. Lysaght, 65 Mo. App. 145. Costs are never visited upon a party unless the statute strictly construed in his favor makes him liable therefor. Shed v. Railroad, 67 Mo. 690; State ex rel. v. Gordon, 245 Mo. 28.

T. J. Rowe, Thos. J. Rowe, Jr., and Henry Rowe for respondent.

(1) The defense set up in answer that plaintiff did not comply with the provisions of the act entitled "An Act for the giving of notice of suit on special tax bills in cities of 300,000 or more and limiting the lien of special tax bills" (Laws 1909, p. 704; Secs. 9848-9849, R. S. 1909) is without merit because; (a) the act is unconstitutional, being special legislation; (b) the first section of the act is merely directory, and the plaintiff can at any time before final judgment is entered in the cause file the notice, required by said section, with comptroller; and (c) the suits mentioned and described in the petition herein were not commenced in any city— they were commenced in the circuit court of the city of St. Louis. No suit can be commenced in a city; it must be commenced in a court. Art. 4, sec. 53, subdiv. 17, Constitution. (2) The finding of facts by the trial court in favor of the plaintiff are conclusive and this court will not review the facts so found by the trial court. Fruin v. Meredith, 144 Mo. App. 586. (3) The parcels of property can be identified by the description contained in the several tax bills; therefore, the special tax bills are valid and the judgment should be sustained. Const. Co. v. Levy, 64 Mo. App. 430; Adkins v. Quest, 79 Mo. App. 36; St. Louis v. Calhoun, 222 Mo. 54; St. Louis v. Koch, 169 Mo. 587.

BOND, P. J.—I. Plaintiff, the Bambrick Brothers Construction Company, a corporation, instituted twenty-one separate actions to enforce the lien of as many special tax bills against separate parcels of land in St. Louis owned by the various defendants, said tax bills covering the cost of the construction

Statement.

of the second section of the South Harlem Joint District Sewer. The petition in each case was similar in form, the variance being the parties defendant and the description of the parcels of land against which the tax bills were issued.

The petition pleaded the passage of an ordinance by the city of St. Louis to establish a sewer district to be known as the South Harlem Joint Sewer District; that said district was established and an ordinance passed for the construction of the second section of said Joint District Sewer; that provision was made for the payment of the city's portion of the cost of same; that plaintiff entered into a contract with the city in accordance with the charter and ordinance; that upon the completion of the work, the President. of the Board of Public Improvements computed the cost and assessed the same as a special tax upon all the property in the South Harlem District and special tax bills were made out, registered, countersigned and delivered to plaintiff. The petition then alleged the ownership of the lot, the amount computed, assessed and charged against the lots described, the designation of the Franklin Bank as the depositary to receive payment; delivery of notice of the tax bill to the City Marshal, the return on the tax bill that the persons named could not be found, and prayed judgment for the amount of the special tax bill and that same be adjudged a lien on each particular parcel of land and that same be sold to pay the amount of the special tax and costs.

The answer in nineteen of the suits, besides a general denial, averred that plaintiff did not file with the comptroller of St. Louis a written notice of the filing of the suits, and in certain of the suits it was averred that certain proceedings were still pending on behalf of the city of St. Louis for the condemnation of specified streets.

Plaintiff's reply was a general denial and a denial of the new matter of the various answers.

By agreement all of the suits were tried together in Division No. 8 of the circuit court of the city of St. Louis.

The court rendered final judgment in each of said cases in favor of the plaintiff and against the various defendants and declared each of said special tax bills a lien upon the particular parcel of land described therein, together with interest and costs and ordered that the land be sold to pay the same. The defendents appealed. Seven of these appeals are comprised in this record; three are comprised in our Docket No. 18472 and eleven in No. 18473.

II. There is no question that the work done by the contractors in this case has gone into the betterment of the property of defendants, nor that it was performed in accordance with the contract under which the work was let; nor that it has enhanced the value of the property of the defendants as contemplated when the improvements were ordered by the city authorities. [Sheehan v. Owen, 82. 1. c. Mo. 465.]

The only questions presented by the appeal are certain objections to the validity of the tax bills under the charter provisions of the city of St. Louis.

The first position taken by appellants is that the tax bills are void because not issued in accordance with section 22 of article 6 of the St. Louis charter, which provided for the issuance of a "special tax bill against each lot or parcel of ground in the joint sewer district, giving the name of the owner thereof," etc. It is contended that the phrase "lot or parcel of ground" is defined by the following language contained in section 14 of article 6 of the St. Louis charter:

<span style="margin-left:2em">Lot or<br>Parcel<br>of Ground.</span>

"Lot defined—The word 'lot' as used in this section shall be held to mean the lots as shown by recorded plats of additions or subdivisions, but if there be no such recorded plat, or if the owners of property have disregarded the lines of lots as platted, and have treated two or more lots or fractions thereof as one lot,

then the whole parcel of ground or lots so treated as one, shall be regarded as a lot for the purposes hereof."

Also that in view of the evidence showing that at the time of the issuance of the tax bills in suit, the area covered by the recorded plat (according to the subdivisions and boundaries of which the tax bills were issued, known as Semple Place) had been sold out as a body under a prior deed of trust, leaving nothing thereafter but one enclosure for the entire tract; therefore one tax bill should have been issued against the whole tract.

It will be noted in comparing the two provisions of the charter that the latter defining the word "lot" and the sense in which it is to be used, does not purport in any way to define what shall be the significance of the phrase "parcel of ground." Unless, therefore, appellants are able to show that the property affected by the tax bills in suit does not disclose the several "parcels of ground" designated in the tax bills, there is no merit in their contention that the judgment in this case fixing a lien on these several parcels of ground, violated the charter. On that point not only was the recorded plat of Semple Place, as it was subdivided prior to the enforcement of the mortgage on the entire tract, before the trial court, but all the facts and circumstances in evidence bearing on the question of the usage by defendants of the several tracts of land formerly described by that plat, including the testimony tending to show one enclosure, and from all the evidence the learned trial judge evidently found that there were "parcels of ground, the subdivisions whereof were substantially the same as those contained in the recorded plat of Semple Place, against which the tax bills in suit were issuable. The question of fact having been resolved against appellants' contention that no such distinct parcels of ground" existed at that time, nothing is left for review. [Gannon v. Gas Light Co., 145 Mo. 502.] We conclude, therefore, that the tax bills in this case were not issued without authority under the charter, and that the judg-

ments recovered by plaintiff were not, for that reason, erroneous.

It necessarily follows from this conclusion, that the enforcement of the tax bills did not contravene the terms of the charter, supra, providing for their issuance, and hence does not amount to a taking of the property of appellants without due process of law.

III. It is also urged by appellants that the judgments in these cases were erroneous for the reason that respondent failed to give written notice within ten days after the institution of the suits, setting forth when and in what court they were brought, and to file the same in the office of the comptroller of the city as required by sections 9848, 9849, Revised Statutes 1909, which prescribe the giving of such notice and also the time within which a lien of tax bills shall cease, and the time within which, in the absence of such suits or notices, the tax bills shall be presumed to have been paid and requiring an entry of the expiration of the liens. All these suits were commenced in December, 1912, and the notices in question were not given by plaintiff until September 15, 1913.

These sections of the statute were not unconstitutional for that, until the present time, no city of the State had attained the population of three hundred thousand except the city of St. Louis, which is the only municipality falling within the description to which the acts under review are applicable. [See title to acts in question, Laws 1909, p. 704.] The propriety of such a classification according to population has been settled in this State. [State ex inf. v. Southern, 265 Mo. l. c. 286.] Whether the act in question is obnoxious to the constitutional provision forbidding the Legislature to pass any local or special law which regulates "the practice or jurisdiction of . . . any judicial proceeding or inquiry before the courts," etc. (Constitution, art. 4, sec. 53, par. 17), or whether these acts violate paragraph 32 of section 53 of article 4 of the Constitution, are questions which need not be ruled in the view we take of the meaning and purpose expressed by the acts.

It will be observed that section 1 of the act under review deals wholly with the manner of giving notice in writing within ten days thereafter of the filing of a suit on a special tax bill and the record of such notice in the office where the record of such special tax bills is required to be kept.

"Sec. 1. . Whenever any suit shall be commenced in any city of this State now having, or which may hereafter have a population of three hundred thousand or more inhabitants, on any special tax bill to enforce the payment of the lien thereof, the party or parties plaintiff shall, within ten days after the commencement of such suit, file with the comptroller or other officer of such city, in whose office the record of such special tax bills is required to be kept, a written notice setting forth when and in which court such suit was brought; and the comptroller or such other officer shall immediately note such facts on the record of such tax bill.

"Sec. 2. The lien of every such tax bill shall cease, end and determine in two years after said tax bill, or the last installment thereof, if the same be payable in installments, shall have become due and payable, unless suit shall have been brought on such tax bill, and notice of such suit, as hereinbefore required, shall have been given and filed within that time. If within said time no such suit was brought or if within said time no such notice of suit shall have been filed, the tax bill shall be presumed to have been paid, and the comptroller, or other proper officer, shall make an appropriate entry on the record of the tax bill in his office that the lien thereof has expired by lapse of time." [Laws 1909, p. 704.]

These sections are intended to *direct* that notice thereof shall be given ten days after suit. They do not *condition* the right to sue upon the giving of a subsequent notice, nor the right to maintain a suit for failure to give notice after its institution. Such a notice is not in any sense a summons or other method of giving the court jurisdiction and could answer neither purpose, since it is only enjoined *after* the suit has been brought and *after* jurisdiction of the person or property have

attached. All the objects legitimately within the scope of this notice are subserved if it, as was done in the present cases, is filed before the trial and expiration of the time fixed for the lapse of the lien of the tax bills. We hold, therefore, that the statutes under review, if valid, do not affect the right of respondent to the judgments obtained under the tax bills in suit.

IV. It is finally contended that the judgments should not have sustained the attachments in those cases sued out on the ground of non-residency, nor have awarded the costs of such attachments against the appellants, since they entered their personal appearance to the actions. This assignment of error is well taken. [R. S. 1909, sec. 2298; Bambrick Bros. Const. Co. v. McCormick, 157 Mo. App. 1. c. 204.]

The judgments herein on the merits were correct and will be affirmed, provided respondent within ten days enters a *remittitur* of all the costs of the attachments adjudged in its favor. The costs of this appeal are adjudged against respondent.

All concur, *Blair, J.,* in paragraphs 1, 2 and 3 and result.